IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD COCHRANE,**

        **PETITIONER,**

                Case No. 2:14-cv-1689
    v.                Judge Watson
                Magistrate Judge King

**BENNIE KEELY, WARDEN,**

        **RESPONDENT.**

<u>ORDER AND</u>
<u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that he is actually innocent of the murder for which he was convicted. This matter is now before the Court on the *Petition*, ECF 1, respondent's *Motion to Dismiss,* ECF 12, petitioner's *Response in Opposition*, ECF 16, and the exhibits of the parties. For the reasons that follow, the Court concludes that the action was untimely filed and that, in any event, the *Petition* fails to state a claim upon which federal habeas corpus relief can be granted. Petitioner's *Motion for Expansion of the Record,* ECF 15, is, in light of this conclusion, **DENIED.**

Petitioner was convicted of murder in the Franklin County Court of Common Pleas on November 19, 2001. *Exhibit 2*, attached to *Motion to Dismiss*. Petitioner timely pursued a direct appeal but, on September 10, 2002, the Ohio Court of Appeals for the Tenth District affirmed the judgment of conviction. *Exhibit 6*, attached to *Motion to Dismiss*.

Petitioner's motion for delayed appeal was denied on October 15, 2003. *Exhibit* 7, attached to *Motion to Dismiss*.

1

Petitioner's post-conviction petition was dismissed by the trial court as untimely on February 10, 2004. *Exhibit 11*, attached to *Motion to Dismiss*. Petitioner did not pursue an appeal from that decision.

On April 16, 2004, petitioner filed an application to reopen his direct appeal pursuant to Ohio R. App. P. 26(B), alleging the ineffective assistance of his appellate counsel. *Exhibit 23*, attached to *Motion to Dismiss*. That application was denied as untimely and insufficient. *Exhibit 26*, attached to *Motion to Dismiss*. Petitioner's motions for reconsideration of that denial were denied by the state court of appeals in August and September 2004, respectively. *Exhibit 28, Exhibit 31*, attached to *Motion to Dismiss*.

In July 2004, petitioner filed a petition for post-conviction relief based on the claimed ineffective assistance of his trial counsel. *Exhibit 32*, attached to *Motion to Dismiss*. That application was denied by the trial court on August 31, 2004, as untimely, without merit and barred by the doctrine of *res judicata*. *Exhibit 35*, attached to *Motion to Dismiss*.

Petitioner filed a second petition for post-conviction relief on May 10, 2006, based on alleged prosecutorial misconduct. *Exhibit 36*, attached to *Motion to Dismiss*. That petition was denied by the trial court on July 23, 2007. *Exhibit 38*, attached to *Motion to Dismiss*. Petitioner's appeal from that decision was denied as untimely and without merit. *Exhibit 43*, attached to *Motion to Dismiss.* The Ohio Supreme Court declined jurisdiction and dismissed the appeal on July 23, 2008. *Exhibit 47*, attached to *Motion to Dismiss.*

On August 3, 2010, petitioner filed a motion for a *de novo* sentencing, arguing that the trial court had improperly imposed a term

2

of post-release control in the original sentence. On October 11, 2011, a resentencing hearing was held at which the same terms of imprisonment were imposed, but without post-release supervision. *Exhibit 57*, attached to *Motion to Dismiss*. On direct appeal, the resentencing decision of the trial court was affirmed on December 11, 2012. *Exhibit 62*, attached to *Motion to Dismiss*. Petitioner's motion for a delayed appeal to the Ohio Supreme Court, *Exhibit 66*, *Exhibit 67*, attached to *Motion to Dismiss*, was granted, *Exhibit 69*, attached to *Motion to Dismiss,* but the Ohio Supreme Court denied jurisdiction on October 23, 2013. *Exhibit 71,* attached to *Motion to Dismiss*.

Petitioner has also filed a number of requests for DNA testing pursuant to O.R.C. § 2953.72. *Exhibit 12, Exhibit 14, Exhibit 17, Exhibit 18*, attached to *Motion to Dismiss*. Those requests were denied by the trial court *Exhibit 16, Exhibit 21, Exhibit 22*, attached to *Motion to Dismiss*. In October 2006, petitioner filed a motion for a DNA comparison. *Exhibit 48*, attached to *Motion to Dismiss*.  That motion was denied by the trial court on February 1, 2007. *Exhibit 50,* attached to *Motion to Dismiss*.  Petitioner did not pursue an appeal from that decision.

Petitioner filed the *Petition* in this Court on September 16, 2014, raising as his single claim his actual innocence. Respondent contends that the action is untimely and that, in any event, petitioner's single claim for habeas corpus relief is without merit.

Federal law establishes a one-year statute of limitations on the filing of habeas corpus actions:

> [T]he the one-year limitation period shall run from the latest of—

3

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation by the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
>   or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent contends that petitioner's conviction became final on October 25, 2003 or, at the latest, on November 29, 2003. *Motion to Dismiss*, PAGEID # 55-56. In response, petitioner appears to concede that the *Petition* is untimely, but he argues that the Court should nevertheless consider the merits of his claim because he is actually innocent of the crime for which he was convicted. *Response in Opposition,* PAGEID # 765-68.

"[W]here an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). However, in order to serve as a gateway to consideration of the merits of an otherwise untimely petition, the

4

claim of actual innocence must be based on newly-presented and reliable evidence, *Chavis-Tucker v. Hudson*, 348 Fed. Appx. 125, 133 (6th Cir. 2009), which can take the form of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The evidence of actual innocence upon which petitioner relies, *Appendix*, attached to *Response in Opposition,* does not meet this standard.

In support of his claim of actual innocence, petitioner refers to testimony presented at his trial, particularly the testimony of one Melvin Fields, and to a discussion between the trial judge and trial counsel which was conducted during the course of petitioner's trial but outside the presence of the jury. *Id*. Petitioner also refers to his many unsuccessful attempts to secure additional DNA testing. This is simply not the "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," *see Schlup,* 513 U.S. at 327, that will serve to excuse the untimely filing of a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Even assuming that petitioner has presented new and reliable evidence of actual innocence sufficient to overlook the untimeliness of the petition, the action must nevertheless be dismissed. The "gateway actual innocence claim" does not require the grant of the writ. *Cleveland v. Bradshaw*, 693 F.3d 626, 631-32 (6th Cir. 2012). The United States Supreme Court has held that a free-standing claim of actual innocence, even if based on new and reliable evidence, is not a

5

ground for federal habeas relief "unless the federal habeas court is itself convinced that those new facts unquestionably establish [the petitioner's] innocence." *Schlup,* at 317 (citing *Herrera v. Collins,* 506 U.S. 390 (1993)). This Court is not persuaded that petitioner has presented such evidence in this case.

It is therefore **RECOMMENDED** that this action be dismissed as untimely or, in the alternative, as without merit.

In light of the foregoing, petitioner's *Motion for Expansion of the Record,* ECF 15, is **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976,

6

984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


April 6, 2015                                       *s/Norah McCann King*
                                         Norah M<sup>c</sup>Cann King
                                      United States Magistrate Judge