UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Richard Cochrane,

    Petitioner,

v.

Bennie Kelly, Warden,

    Respondent.

2:14–cv–1689
Judge Watson
Magistrate Judge King

## ORDER

This habeas corpus case arises out of Petitioner's 2001 murder conviction in the Franklin County Court of Common Pleas. Petitioner claims that he is actually innocent of the crime for which he was convicted. On April 6, 2015, the Magistrate Judge denied Petitioner's Motion for Expansion of the Record, ECF 15, and recommended dismissal of this action as untimely. Order and Report and Recommendation, ECF 17. Petitioner objects to that recommendation. Obj., ECF 20. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection, ECF 20, is **OVERRULED**. The Order and Report and Recommendation, ECF 17, is **ADOPTED** and **AFFIRMED**. Respondent's Motion to Dismiss, ECF 12, is **GRANTED**.

Respondent contends in the motion to dismiss, ECF 12, that the action was untimely filed. In opposing the motion to dismiss and in objecting to the Magistrate Judge's recommendation that the same be granted, Petitioner insists

that he is actually innocent of the crime for which he was convicted. He argues that expansion of the record is necessary to prevent a manifest miscarriage of justice.

The Petition, ECF 1, raises a free-standing claim of actual innocence. As even Petitioner appears to concede, the Petition was not filed within the one-year period established by 28 U.S.C. § 2244(d). Actual innocence, if proved, may serve as a gateway through which a petitioner may pass to obtain review of a time-barred claim. *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). Petitioner contends that expansion of the record will establish his actual innocence. He asks that the Court order that "the DNA profile, fingerprints, palm prints, and other trace evidence found at the scene of the murder of Heather Stambaugh" be compared to that of one Melvin Fields, to whom Petitioner points as the perpetrator of the murder. Obj., ECF 20, PageID# 850.

However, the record indicates that DNA evidence was obtained prior to trial and that testing of that evidence excluded Petitioner, who was nevertheless convicted. *See* Motion to Dismiss, ECF 12-1, PageID# 246. It is therefore not apparent that further testing of DNA evidence would support a credible claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995) ("[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").

For this reason, and for the reasons detailed by the Magistrate Judge, Petitioner's Objection, ECF 20, is **OVERRULED**. The Order and Report and Recommendation, ECF 17, is **ADOPTED** and **AFFIRMED**. Respondent's Motion to Dismiss, ECF 12, is **GRANTED**.

This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

*Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**